VALENTINE LIPP, PLAINTIFF IN ERROR, v. JOHN A. HOR-BACH, DEFENDANT IN ERROR.

1. Finding: JUDGMENT. The finding of facts, and the judgment, must conform to, and be supported by, the allegations of the pleadings on which they are based.
2. Contract to convey: ACTION TO ENFORCE FOR FUTURE. The action was brought to enforce an alleged forfeiture against the purchaser of real estate for non-performance of the agreement on his part, and to foreclose his interest therein. The contract called for payment of the purchase money by four annual installments, payable respectively on the 20th of April, 1879, to 1882, inclusive. The action was commenced December 30th, 1879. The only default complained of respected the first installment, and a small arrear of taxes. Trial and judgment, March 19th, 1881; the finding being that the purchaser was in default as to the entire consideration, and the judgment conforming thereto. *Held*, erroneous.

ERROR to the district court for Douglas county. Tried below, before SAVAGE, J. The opinion states the case.

*H. D. Estabrook,* for plaintiff in error.

*Kennedy & Gilbert,* for defendant in error.

LAKE, CH. J.

This is a petition in error from Douglas county. Three errors are nominally assigned:

*First.* That the petition fails to state a cause of action.

*Second.* That the amount recovered was too large; and,

*Third.* That the judgment should have been in favor of the plaintiff in error.

The record contains none of the evidence, therefore we can consider only those matters properly presented by the pleadings and judgment.

The facts set out in the petition, if they were established by the evidence (and we must presume they were), certainly entitled the defendant in error to some relief, even if not to the full extent which he obtained. Those facts are, in substance, that Horbach, in April, 1878, entered into a contract with Lipp to sell him the south half of lot six, in block six, in Horbach's 2nd Addition to Omaha, for the price of $450.00, payable in equal installments in one, two, three, and four years, together with annual interest, and taxes. That in case of default by Lipp in making any of said payments of principal, interest, or taxes, it was agreed between them that "all rights of said Lipp which had accrued under said agreement should become forfeited," and he "should thence become the mere tenant at will" of said Horbach; "time being of the essence of said agreement." That, at the time of commencing the action (December 30th, 1879), Lipp had paid no part of either the purchase money, interest, or taxes, although there was then past due the installment of $112,50 of the principal, and interest on the whole amount for one year, together with the taxes levied for the year 1878, amounting to four dollars and eighty cents, which Horbach had been compelled to pay. Indeed, according to the averments of the petition, Lipp had failed in every particular, at that time, to live up to the plain requirements of his contract respecting the payments that had then matured. Such being the case there can be no doubt that Horbach

Lipp v. Horbach.

was entitled to an appropriate judgment in his favor. This disposes of the first and third objections raised by the petition in error.

But can this judgment be upheld? It appears to have been rendered on the 19th day of March, 1881, and the amount then found to be due, of "principal and interest, according to the terms of said contract," was "the sum of $572.51, and for taxes assessed against said property, and paid by the plaintiff the sum of $16.60," thus making a total of $589.11, found to be Horbach's due, and which Lipp was decreed to pay by virtue alone of the cause of action above indicated. That the petition will not support such a judgment seems too plain to be questioned. As to the several annual payments, the only default complained of respected the first. It is true that, at the time of the trial, the installment of 1880 had also matured, but, it could not properly have been noticed unless brought into the case by a suitable supplemental pleading. This however was not done.

Now, even according to the terms of the contract, all that could possibly have been due to Horbach on the day of trial was the amount of the first two installments of principal and interest, falling due respectively in 1879 and 1880, together with such taxes as he had been compelled to pay in consequence of Lipp's neglect. The installment of 1881 was not due at the date of the judgment, and that of 1882, the last of the four, has not even yet matured, nor will it mature until the 20th of April next, notwithstanding which the court seems to have found that the entire consideration was then due, and rendered judgment accordingly. Under the allegations of the petition this was unwarranted. The judgment must therefore be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.