KITCHEN BROS. HOTEL CO. v. JOHN S. HAMMOND.

[FILED OCTOBER 28, 1890.]

Findings: MUST CONFORM TO ISSUES. The findings of facts and the judgments must conform to, and be supported by, the allegations of the pleadings on which they are based. (*Lipp v. Horbach*, 12 Neb., 371.)

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Charles Ogden*, for plaintiff in error.

*Estabrook, Irvine & Clapp, contra.*

COBB, CH. J.

· The plaintiff, in the court below, alleged "that the defendant is a corporation duly organized and existing under the laws of this state, and is indebted to him in the sum of $52 for work and labor done and for material furnished at defendant's special instance and request, no part of which has been paid. To which the defendant answered, admitting it is a corporation and denying every other allegation of the plaintiff.

"II. The defendant says that the plaintiff has been paid in full for any amount which may have been due him, and that there was, at the commencement of this suit, no sum whatever due him from defendant."

There was a trial to the court, a jury being waived, with finding and judgment for the plaintiff for $49 and costs.

The defendant's motion for a new trial being overruled, exceptions were taken on the record, and the cause brought to this court for review, on account of the court below admitting certain testimony of the plaintiff excepted to by defendant, and because the finding and judgment of the court should have been for the defendant.

The cause of action, as set forth, was sufficiently proved by the evidence of the plaintiff; that he did the work charged for, and that it was reasonably worth the amount claimed, was admitted by counsel for the defendant in open court. The plaintiff testified that the bill had not been paid, and that he had received nothing on account of it.

From the bill of exceptions it does not appear that there was any evidence offered on the trial proving, or tending to prove, payment. There was testimony offered and received by the court, subject to exception, which tended to

prove that in a former action between the parties, wherein the plaintiff in error was plaintiff, and the defendant in error was defendant, in which the plaintiff had judgment by default, on an *ex parte* hearing, the items of charges constituting the cause of action in this case were credited to the defendant and deducted from the amount of recovery. Whether these facts, as proved, would have constituted a defense to this action had they been properly pleaded, need not be now considered, as they were not pleaded in this action; and while such evidence was before the court, it could not, under well known principles of law, have been, considered in deciding the case. In no event, without an amendment of the answer, or a formal offer to amend, could such defense have been considered. The judgment of the district court is

AFFIRMED.

THE other judges concur.