MARY CLEMONS, APPELLANT, V. MICHAEL HEELAN, APPELLEE, IMPLEADED WITH BRIDGET HANLON, APPELLANT, ET AL.

FILED SEPTEMBER 22, 1897.   No. 7425.

1. **Dower:** PROCEDURE. Where the right of dower of a widow is not disputed, it may be assigned by the county court, under the provisions of sections 8-11, chapter 23, Compiled Statutes. If such a right is disputed, it may be established by a decree of the district court.

2. **Foreign Laws:** EVIDENCE: DIVORCE. Proof of the law of Colorado, in evidence, relating to the jurisdiction of county courts of that

state to decree divorces, examined, and *held* not to satisfactorily establish such jurisdiction.

3. **Judgments:** FINDINGS. The findings of facts and the judgment must conform to, and be supported by, the allegations of the pleadings on which they were based.

APPEAL from the district court of Lancaster county. Heard below before HALL, J. *Reversed.*

*Ricketts & Wilson* and *Sawyer, Snell & Frost,* for appellants.

*Pound & Burr, contra.*

RYAN, C.

Mary Clemons filed her petition in the district court of Lancaster county alleging that on January 20, 1873, she had been married to Patrick Clemons; that she had continued to be his wife until the time of his death, which occurred on December 12, 1892; that on June 5, 1877, said Patrick Clemons had become the owner of a certain eighty acres of land in Lancaster county, which, on February 17, 1888, he had attempted to convey to one of the defendants, Patrick Helehan, and that on December 3, 1892, the said Patrick Clemons, by will, had devised said premises to Michael Heelan and Bridget Hanlon. It was further alleged that on March 20, 1893, Thomas Heelan had been appointed administrator of the estate of Patrick Clemons. The defendants in the aforesaid petition were the said administrators, Michael Heelan, Bridget Hanlon, and Patrick Helehan. In the petition it was averred that these defendants unlawfully and wrongfully had possession of the real property therein described, claiming to own the whole thereof in fee-simple, and denied the right of plaintiff to any part of said premises and had forcibly excluded plaintiff from her right of dower therein. It was further alleged that the plaintiff, at the time of filing the said petition, was thirty-eight years of age and that at the time of the death of

her husband she was thirty-seven years old, and that her estate of dower was of the value of $2,000. The prayer was as follows: "Wherefore this plaintiff prays that the court may find and adjudicate that the plaintiff was the lawful wife of said Patrick Clemons and entitled to dower in the said premises, and further prays that the court shall find the value of her dower in the said premises according to the value of the said premises and her expectancy as shown by the tables of mortality, and that the court decree and adjudge such sum so found as the fair and reasonable value of this plaintiff's dower interest in the property to be a first and prior lien upon said premises, and unless the same be paid within a short time, to be fixed by the court, that the same should be sold and the proceeds thereof applied to the payment of this plaintiff's said dower, and for such other, further, and different relief as equity may require." Michael Heelan answered the petition, and in his answer prayed that his co-defendants, Bridget Hanlon and Patrick Helehan, and plaintiff might be decreed to have no estate, right, interest, or title in the premises indicated, and for equitable relief in line with that specially prayed as above indicated. There were answers by the other defendants, but their nature need not be stated at length. It is sufficient to say that the petition and the answers presented a case wherein it appeared that the plaintiff, a widow of the deceased, was kept out of the possession of her dower right in the real property of the deceased by the defendants, who claimed the entire title and the exclusive right of possession. Where the right of the widow is not disputed it may be assigned in the county court. (Compiled Statutes, ch. 23, secs. 8-11.) If the dower right of the widow is disputed, however, we think she may, by an action in equity in a proper district court, settle such dispute. We shall therefore assume that the petition in this case stated sufficient facts to entitle plaintiff, on proper proof, to relief to the extent of establishing the fact that she was the widow of the deceased and as

such was entitled to a decree by which all disputes as to the existence of her dower right would finally be settled.

By their separate answers the defendants alleged certain facts in bar of the dower right of the plaintiff. From the answer of Michael Heelan we quote the language in which this defense was set out, as follows: "And this defendant further answering alleges that Patrick Clemons was on the 18th day of May, 1880, divorced from the said plaintiff by a decree of divorce duly rendered by the county court of Larimer county, in the state of Colorado, in an action therein pending, wherein the defendant was plaintiff and the said plaintiff herein was defendant; that said county court had jurisdiction of the parties to said action and the subject-matter thereof, and that said decree has ever since remained in full force and virtue, unreversed, unmodified, and unappealed from, and that said Patrick Clemons ever since said decree remained single and unmarried; that said court, at the time said decree of divorce was rendered, had, by the laws of said state of Colorado, jurisdiction to try and determine actions for divorce, and the plaintiff, who was a party defendant in such cause for divorce in which said decree was rendered, was duly served with notice and summons therein in the manner provided by the laws of said state of Colorado." There was a reply in which was contained a general denial of all the averments of the several answers. On a trial of the issues there was a decree against the plaintiff from which she has appealed.

It cannot be doubted that the jurisdiction of the county court of Larimer county, Colorado, to grant a divorce was an issue presented by the above pleadings. To establish this jurisdiction by the parties alleging it there were introduced in evidence two sections of Mill's Annotated Statutes of Colorado, which were in the following language:

"Sec. 1054. The county courts of the several counties of this state shall hereafter have concurrent jurisdiction with the district courts in all civil actions, suits, and pro-

ceedings whatsoever where the debt, damage or claim or the value of the property involved shall not exceed $2,000, except as otherwise provided in this act; *Provided, however,* That the limit of jurisdiction above named shall not apply in causes relating to the estates of deceased persons."

"Sec. 395. County courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, appointment of guardians, conservators, and administrators, and settlement of their accounts and such other civil and criminal jurisdiction as may be conferred by law; *Provided,* Such court shall not have jurisdiction in any case where the debt, damage, or claim, or value of property involved, shall exceed $2,000, except in cases relating to the estates of deceased persons."

There was introduced in evidence no other part of the statutes of Colorado, neither was there any proof of any construction of the statutes of that state by its supreme court which tended to sustain the jurisdiction claimed to be vested in the county courts of that state to grant divorces. We are therefore confined to the above quoted two sections in our investigation for our information as to the laws of Colorado on the subject indicated. The section last above quoted is quite similiar in its provisions and language to section 16, article 6, of the constitution of this state, which is as follows: "County courts shall be courts of record and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts; in all matters relating to apprentices; and such other jurisdiction as may be given by general law. But they shall not have jurisdiction in criminal cases in which the punishment may exceed six months' imprisonment or a fine of over $500; nor in actions in which title to real estate is sought to be recovered or may be drawn in question; nor in actions on mortgages or contracts for the conveyance of real estate,

nor in civil actions where the debt or sum claimed shall exceed one thousand dollars." Referring to this section of the constitution it was said in *Glade v. White*, 42 Neb., 336: "In determining whether the county court has jurisdiction in a particular case we must look to this constitutional provision and the acts of the legislature conferring and limiting jurisdiction in pursuance thereof, and not to the ancient distinctions between modes of procedure and forms of action." This rule is applicable to the two sections of the Colorado statutes above quoted, and we are therefore concerned with their provisions rather than with any argument which may be founded upon the proposition that county courts are courts of record. As to the jurisdiction concurrent with that of the district court mentioned in one of these sections and the original jurisdiction mentioned in the other, it is observable that there are qualifying words limiting the actions which may be maintained to those wherein the amount of the debt, damage or claim involved shall not exceed $2,000. It seems clear that the restricting words indicate that the jurisdiction of the county court is limited to debts, damages, and claims, that is to say that the action must be for the recovery of money or property within the limit in amount of $2,000. It may be, as the counsel for the appellees suggest, that the reports of Colorado show that the county courts of that state have long exercised jurisdiction in divorce cases; but if this suggestion is well founded the opinions of the supreme court of that state should have been introduced in evidence. As the matter stands we must construe the two sections of the statute offered in evidence according to our own unaided judgment, and, thus construing them, we are led to the conclusion that the county court of Larimer county has not been shown to have possessed jurisdiction to decree the divorce relied on by defendants. This disposes of the appeal of Mary Clemons.

There was an appeal by Bridget Hanlon, since deceased, and now represented by an administrator, and the

grounds of her appeal will now be considered. The district court found specially that during 1893, and a part of 1894, Michael Heelan had had the use and occupancy of the land of which the fair rental value was $400. It was found specially that the value of the improvements placed on the said premises by Michael Heelan between 1877 and the date of the death of Patrick Clemons was $900. In the judgment of partition between Bridget Hanlon and Michael Heelan the latter was credited with the amount of the value of the improvements and charged with one-half the above named rental value of the premises. As modified by these items the property was partitioned between these parties. In the pleadings there were no averments which justified the ascertainment of these items and the disposition of them which was made by the decree. The relief should have been confined to that prayed and which was justified by the averments of the pleadings between the parties. (*Lipp v. Horbach*, 12 Neb., 371; *Kitchen Bros. Hotel Co. v. Hammond*, 30 Neb., 618; *Dorsey v. McGee*, 30 Neb., 657; *Rockford Co. v. Manford*, 36 Neb., 801.) For the reason indicated this portion of the decree cannot be sustained. The judgment of the district court is reversed and this cause is remanded for further proceedings.

REVERSED AND REMANDED.

HARRISON, J., not sitting.