Domann v. Domann.

---

WILHELM DOMANN ET AL., APPELLEES, V. CHARLES DOMANN ET AL., APPELLANTS.

FILED APRIL 22, 1926. No. 23942.

1. Evidence examined, and *held* to support the judgment setting aside the deed.

2. Trial: PLEADING AND PROOF... The findings of facts and judgment must conform to and be supported by the allegations of the pleadings.

3. Pleadings examined, and *held* not sufficient to support the personal judgment rendered against Marie Domann.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Affirmed in part and reversed in part.*

*D. W. Livingston,* for appellants.

*W. W. Wilson, Pitzer & Tyler, W. F. Moran* and *Edwin Moran, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Originally this action was commenced in the name of Wilhelm Domann by his daughter, Kate Guermann, as his

next friend, against Charles Domann and his wife, Antonette, to set aside a deed to 240 acres of land executed to Wilhelm Domann and his wife to Charles Domann.

While this action was pending Wilhelm Domann died and by stipulation the action was revived and proceeded in the name of the heirs of Wilhelm Domann. Besides his widow, Marie, Wilhelm Domann left surviving him four children by a prior marriage, to wit: Kate Guermann, Sherman, Charles and Louis Domann. After the issues were made up Kate Guermann and her brother, Sherman, were aligned as plaintiffs seeking to have the deed set aside. Charles and his wife, Antonette, and Louis were aligned as defendants asking that the deed be sustained. Marie Domann intervened praying the same relief as the plaintiffs, but on slightly different grounds.

The plaintiffs' case is based upon the theory that on September 15, 1922, the date of the execution of the deed in question, Wilhelm Domann was mentally incompetent to make the deed; that no consideration was paid thereof, and that its execution was procured through undue influence practiced upon the grantor by Charles Domann and others.

The defendants denied the lack of mental capacity on the part of Wilhelm Domann; denied that undue influence was exerted to procure the deed, and alleged that the deed was executed in pursuance of an agreement made many years before between the grantor and Charles and Louis Domann, whereby, in consideration of Charles and Louis remaining on the farm and paying a mortgage debt thereon, the grantor would convey to them the title of the farm, reserving to himself the use of the land during his life; that they performed their part of the agreement, remained on the farm without receiving wages, and paid off the mortgage, amounting to $4,200 with interest, and that the deed was made to Charles for the benefit of himself and his brother, Louis.

The reply of the plaintiffs denied the allegation of new matter set up in the answer, and alleged that a full settlement of all differences between Wilhelm Domann and his

sons, Charles and Louis, was had in the fall of 1909, and that at the time the deed in question was made Wilhelm Domann owed nothing to his sons.

Marie Domann filed a petition alleging that she is the surviving widow of Wilhelm Domann, who died intestate on February 16, 1923; that prior to September 15, 1922, Wilhelm Domann was the owner of the lands in question; that she has a right of inheritance in said lands; that she is 67 years of age; that she was born in Germany, and does not read the English language and cannot converse in it intelligently; that when she signed the deed with her husband conveying the land to Charles Domann she did not understand that she was conveying away her rights of inheritance in said lands; that the deed was made without consideration, and was procured by undue influence, deceit and fraud on the part of Charles Domann. She joins in the prayer of the plaintiffs that the deed be declared null and void; that it be canceled and set aside.

The defendants for answer to the petition of Marie Domann admitted that she is the surviving widow of Wilhelm Domann, and that Wilhelm Domann died intestate; that she married Wilhelm Domann August 15, 1918. The answer further alleged that Wilhelm Domann, in addition to settling debts which might arise against his estate, conveyed to Marie Domann valuable real estate and delivered to her money and valuable securities in large sums in full satisfaction of her interest in the estate of Wilhelm Domann. The answer also alleged that the deed from Wilhelm Domann to Charles Domann was made in pursuance of an agreement between Wilhelm Domann and his sons, as heretofore set forth in the answer of the defendants to the petition of Kate Guermann and Sherman Domann. The defendants prayed that the petition of Marie Domann be dismissed.

Upon the issue thus presented, the court found generally in favor of the plaintiffs; that there was no consideration for the deed; that at the time the deed was executed Wilhelm Domann was incompetent and unable to understand

the import of the transaction, and that the deed was procured through undue influence, and entered judgment setting the deed aside.  With respect to Marie Domann there was a finding as follows:  "The court further finds that Marie Domann participated in the undue influence used and exercised on Wilhelm Domann and benefited thereby in the sum of $5,700, which in equity should be returned to the estate of Wilhelm Domann, deceased."  On this finding the court rendered judgment against Marie Domann for $5,700 with interest at 7 per cent. from October 21, 1922, in favor of the estate of Wilhelm Domann, deceased.  From this judgment, in so far as it sets aside and cancels the deed, the defendants Charles, Antonette and Louis Domann have appealed.  Marie Domann has filed a cross-appeal from this judgment wherein a money judgment is rendered against her.

Upon the issues presented between the plaintiffs and defendants, we think the evidence is decidedly in favor of the plaintiffs' contention.  It will serve no useful purpose to discuss the evidence in detail, suffice it to say that at the time the deed was made Wilhelm Domann was suffering from senile dementia, and from the testimony was incapable of comprehending the nature of the business he was transacting.  He was in a state of mind to be easily influenced. He had some years before the making of the deed drafted a will in which he left his property to be divided between his wife and four children.  Nothing afterwards occurred as a reason why he should suddenly conclude to deed the greater part of his property to one son to the exclusion of his other children, especially to a son with whom he had not been on friendly terms for some years.

We now come to consider the personal judgment of $5,700 entered against Marie Domann, the cross-appellant.  An examination of the pleadings clearly shows that none of the parties to the action were seeking a personal judgment against Marie Domann.  The only issue presented by the pleadings was whether the deed to Charles Domann should be set aside.  In entering a personal judgment against Marie

Domann the court went beyond any issue presented by the pleadings or tried in the case. While there is some proof indicating that Wilhelm Domann had transferred some of his property to his wife at about the same time, these transactions were only incidental to the real issue in the case. The rule is well established that the findings of fact and the judgment must conform to and be supported by the pleadings. *Clemons v. Heelan,* 52 Neb. 287; *Traver v. Shaefle,* 33 Neb. 531.

From what has been said, it follows that the judgment setting aside the deed from Wilhelm Domann to his son, Charles Domann, should be affirmed, and should be reversed in so far as it renders a personal judgment against Marie Domann.

AFFIRMED IN PART AND REVERSED IN PART.