PATRICIA RAE TUCH, APPELLEE, V.
JOHN FRANK TUCH, APPELLANT.

316 N.W.2d 304

Filed February 19, 1982. No. 43904.

John M. Peebles of Thomas & Peebles for appellant.

Thomas P. Herzog for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

The appellant, John Frank Tuch, appeals from a finding and order, made during the course of a show cause hearing, that he is delinquent in his child support obligation. We find the trial court erred and we reverse.

The marriage of the parties was dissolved on April 5, 1977. The court's journal entry concerning that event incorporates a stipulation of the parties which provides, in pertinent part, "The Respondent shall also be entitled to have the children for a six-week period each year, said six-week period to begin at 8:00 A.M. on July 1st, and the children to be returned to the Petitioner at 8:00 P.M. at the end of said six-week period. It is further agreed by the parties that during the time the Respondent actually has the children during said six-week period he shall not be responsible for the support payments hereinbefore ordered."

On August 18, 1980, the court ordered respondent to appear and show cause why he should not be found in contempt of court for failing to make child support payments as ordered.

At a subsequent hearing the trial court determined that respondent had paid $715 less in child support payments than he should have, and ordered him to pay that amount together with a $250 attorney fee and $11.10 in costs.

Respondent testified that he had actual possession of

the two children of the parties for at least 6 weeks during each of the 4 years from 1977 through 1980. The court, although there was no objection from petitioner to such evidence, received it on condition that respondent verify it by an affidavit or letter from petitioner. Such verification has not been provided by respondent. Petitioner offered no evidence on that issue.

Respondent asserts the trial court erred in conditioning the receipt of respondent's evidence on the issue of whether the children were with him and in refusing to apply the language of the stipulation of the parties as adopted by the court.

We know of no legal authority, nor have we been cited any, which authorizes a trial court to condition the receipt of respondent's evidence with respect to when the children were with him. Except as specifically provided otherwise by the rules of evidence, every person is competent to be a witness about those things of which he has personal knowledge. Neb. Rev. Stat. §§ 27-601 and 27-602 (Reissue 1979). In the absence of contradicting evidence, there is simply no basis upon which the trial court could find that the children were not with respondent during the periods he testified they were.

The language of the stipulation of the parties, which was adopted by the trial court in its journal entry dated April 5, 1977, clearly and unambiguously provides that during the 6-week period the children are actually with respondent, he has no obligation to pay child support. The refusal of the trial court to apply that provision was erroneous. The trial court had no power to modify, during the course of contempt proceedings, the terms of its earlier support order. See, *Lipp v. Horbach,* 12 Neb. 371, 11 N.W. 431 (1882), and *Domann v. Domann,* 114 Neb. 563, 208 N.W. 669 (1926), holding that findings of fact must conform to and be supported by the allegations of the pleadings on which they are based.

For the reasons hereinabove stated, the findings of the trial court are set aside and vacated, and the order is reversed.

REVERSED.