STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS,
ATTORNEY GENERAL, APPELLEE AND CROSS-APPELLANT,
V. J. H. SCHROEDER, APPELLANT AND CROSS-APPELLEE.

324 N.W.2d 391

Filed September 17, 1982. No. 44401.

Richard Gee, for appellant.

Paul L. Douglas, Attorney General, and Mark D. Starr, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This appeal (which comes to us in a form and posture bearing little, if any, relationship to our prescribed procedural scheme) seeks to reverse an order directing defendant-appellant, J. H. Schroeder, to produce certain documents pursuant to the Attorney General's civil investigative demand. We reverse and remand.

It appears that after appellant failed to produce the documents sought, the Attorney General filed an amended petition under the provisions of the Ne-

braska Consumer Protection Act, seeking judicial enforcement of his demand. Thereafter, appellant filed an answer which, among other things, denied that appellant was engaged in the activities claimed by the Attorney General, and called attention to the fact that the petition nowhere alleged a belief that appellant was engaged in unlawful conduct. None of the constitutional issues, generally the purported violations of appellant's fourth and fifth amendment constitutional rights, now raised before us were put in issue by appellant's answer. Subsequently, appellant filed a motion to dismiss the action by virtue of the Attorney General's alleged failure to prosecute same. At the scheduled hearing on that motion, together with the motion for summary judgment, the court entered an order overruling each of said motions. At the same time, over appellant's objections that the matter was not scheduled for consideration and that he wished an evidentiary hearing on the merits, the court below entered an order directing appellant to comply with the investigative demand. Appellant then filed a motion for new trial which, for the first time, raised constitutional questions and complained of various other errors, including the impropriety of deciding a matter not noticed for hearing and without evidence. Appellant was then granted leave to file an amended answer which put at issue the constitutionality of the investigative demand.

We do not reach the constitutional issues; they were never properly before the trial court at the time it entered its improvident order directing appellant to comply with the demand. Being a court of review, we cannot consider constitutional issues not properly before the court below. *Hale v. Taylor,* 192 Neb. 298, 220 N.W.2d 378 (1974). Generally, it is the pleadings before the trial court at the time of decision which form the issues. Neb. Rev. Stat. § 25-1101 (Reissue 1979). Because a new trial is a reexamina-

tion in the same court of issues previously decided by it, constitutional issues not raised by the pleadings may not be raised in the motion for new trial. *Hale v. Taylor, supra;* Neb. Rev. Stat. § 25-1142 (Reissue 1979). Although Neb. Rev. Stat. § 25-852 (Reissue 1979) grants broad powers to amend pleadings, even after judgment, in the furtherance of justice, the amended answer filed in this case after the order in question was entered cannot operate to create issues which did not exist at the time of decision. See *Lipp v. Horbach,* 12 Neb. 371, 11 N.W. 431 (1882), and *Domann v. Domann,* 114 Neb. 563, 208 N.W. 669 (1926), holding that a judgment must be supported by the allegations of the pleadings on which it is based. See, also, *Tuch v. Tuch,* 210 Neb. 601, 316 N.W.2d 304 (1982). The sole question before us, then, is the validity of the trial court's order, given the conditions and circumstances under which it was entered. It does not follow that merely because appellant was found not to be entitled to a summary judgment the Attorney General was, in effect, necessarily entitled to one, even if he were to have asked for such, which he did not. See *Hiram Scott College v. Insurance Co. of North America,* 187 Neb. 290, 188 N.W.2d 688 (1971). Having appeared for other purposes, appellant, over objection, was denied an opportunity to present evidence on the merits of the issues at a time reasonably noticed and scheduled for that purpose. Reasonable notice, that is to say, notice which is meet and fair in view of the circumstances and conditions existent at the time and with reference to the matter to be presented, is an element of due process. See, *Fisk v. Thorp,* 51 Neb. 1, 70 N.W. 498 (1897); *Sterling Mfg. Co. v. Hough,* 49 Neb. 618, 68 N.W. 1019 (1896).

Under the conditions and circumstances of this case, the order of the trial court is a nullity. We therefore reverse and remand for further proceed-

ings in accordance with this opinion.

REVERSED AND REMANDED.

CLINTON, J., participating on briefs.