JUDY A. NEUJAHR, APPELLEE, V. DANNY L. NEUJAHR,
APPELLANT.
357 N.W.2d 219

Filed November 2, 1984.   No. 83-685.

Carole McMahon-Boies of Pepperl & Melcher, P.C., and Timothy J. Loudon, for appellant.

David L. Kimble of Souchek & Kimble, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ., and COLWELL, D.J., Retired.

COLWELL, D.J., Retired.

Petitioner, Judy A. Neujahr, instituted contempt proceedings against respondent, Danny L. Neujahr, following the dissolution decree, claiming respondent withheld personal property assigned to her. No findings in contempt were entered. The trial court modified its original decree without either notice or hearing. Respondent appeals. We reverse and remand with directions to dismiss.

The dissolution decree of March 11, 1983, assigned the personal property between the parties; part was particularly described and part had these general descriptions: to respondent, "all tools, machinery and livestock equipment . . . personal effects . . . and miscellaneous items in his possession"; to petitioner, "all household goods except items specifically awarded the respondent . . . and her . . . personal effects . . . ." There was no appeal.

Disputes immediately arose between the parties concerning their separate claims to many items included in the above general descriptions.

On April 20, 1983, respondent filed a motion to cite

petitioner for contempt for withholding seven items. At a hearing on May 9, 1983, petitioner was ordered to deliver the items to respondent, which was done.

On May 5 and June 6, 1983, petitioner filed motions to cite respondent for contempt for withholding a total of 49 items that she claimed were included in the "household goods" assigned to her.

Petitioner's two motions came on for hearing on July 11, 1983. Both parties were present with counsel. The judge, without notice or hearing, forthwith announced these findings and orders that modified the dissolution decree:

> For the record, the Court finds without further evidence the following items are machinery or tools, and included as property awarded to the respondent under the decree of divorce: [here follows a description of 19 items]. Court further finds for the record that the following items are household goods within the intent of the decree and are awarded to the petitioner: [here follows a description of 33 items].
>
> . . . .
>
> . . . I am simply finding that within the intent and purpose of the decree, those items as I specifically found were either awarded to the petitioner or to the respondent, either as household goods, machinery, and/or tools.

Petitioner stated that she was satisfied, and she produced no evidence in support of her contempt motions. Respondent testified. The court reaffirmed its findings, with one exception, and ordered the parties to exchange and deliver the respective items on or before August 16, 1983.

On July 20, 1983, respondent filed a motion to reconsider the July 11 order, claiming abuse of discretion and using a contempt proceeding to modify the dissolution decree, and prayed the court to vacate the July 11 order and dismiss the contempt motions.

On August 10, 1983, respondent's motion to reconsider was overruled, and the court ordered the parties to deliver the items on or before August 16, 1983, under penalties of contempt.

Respondent assigns as error: (1) Modifying a dissolution decree in the course of a hearing on contempt citations; (2)

Modifying a dissolution decree absent a showing of good cause; and (3) Failure to accord respondent with due process in the form of notice.

In their dispute the parties made no formal application to the court for either interpretation of the decree, *Kasparek v. May*, 174 Neb. 732, 119 N.W.2d 512 (1963), or modification of the decree, Neb. Rev. Stat. § 42-372 (Reissue 1978). On the contrary, both parties employed coercive contempt procedures. Neb. Rev. Stat. § 25-2121 (Reissue 1979). " 'A civil contempt has for its purpose the preservation and enforcement of the rights of private parties to suits, and to compel obedience to orders and decrees made to enforce private rights to which the court has found them to be entitled. . . .' " *Kasparek v. May, supra* at 736, 119 N.W.2d at 516.

> Section 42-372, R.S. Supp., 1972, permitting the trial court to modify its decree within 6 months, impliedly requires a showing of good cause. . . . As we said in Zachry v. Zachry (1970), 185 Neb. 336, 175 N.W.2d 616: "The control of a divorce decree during the 6-month period pending finality is within the sound judicial discretion of the trial court."

*Miller v. Miller*, 190 Neb. 816, 817, 212 N.W.2d 646, 647 (1973).

In *Howard v. Howard*, 207 Neb. 468, 299 N.W.2d 442 (1980), the trial court summarily vacated its dissolution decree without notice and entered a modified decree. In reversing we said:

> While the showing requiring modification might result in the same evidence being introduced as in the contempt hearing, the appellant will have notice at a subsequent hearing of the proposed modification and be prepared to introduce evidence. We do not hold that, after every vacation of a decree, a trial court must hold a further hearing to modify; simply that *one is required when a court, in effect, vacates a decree on its own motion without opportunity to produce evidence with respect to the terms of the proposed modification.*

(Emphasis supplied.) *Id.* at 471, 299 N.W.2d at 444.

"The trial court had no power to modify, during the course of contempt proceedings, the terms of its earlier support order."

*Tuch v. Tuch*, 210 Neb. 601, 603, 316 N.W.2d 304, 306 (1982). See, also, *Kaufmann v. Kaufmann*, 246 Ga. 266, 271 S.E.2d 175 (1980).

The court made a sincere effort to adjust the parties' claims that bordered on the vexatious; however, where modification of a dissolution decree is made during the 6-month period, § 42-372, such modification can be made only upon good cause shown, after notice to all interested parties and hearing. Absent notice and hearing, the July 11 order was void, and it is set aside. There being no evidence to support petitioner's contempt motions, the judgment of the district court is reversed with directions to dismiss the motions.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.