ALAN H. KIRSHEN, APPELLANT, V. SHIRLEY H. KIRSHEN,
APPELLEE.

418 N.W.2d 558

Filed January 29, 1988.    No. 86-239.

James L. Rold of Rold, Peppard & Long, P.C., for appellant.

Jerome J. Ortman, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

The district court entered orders purporting to both interpret and modify its earlier decree dissolving the marriage of the petitioner-appellant husband, Alan H. Kirshen, and the respondent-appellee wife, Shirley H. Kirshen, and to quash certain garnishments the husband had caused to be issued. In this appeal the husband asserts 16 assignments of error, which can be summarized as claiming (1) that the procedures employed by the district court deprived him of his due process rights under U.S. Const. amend. XIV, § 1, and Neb. Const. art. I, § 3, and (2) that, in any event, the orders are not supported by the record. The husband's due process claims being meritorious, we reverse and vacate the orders of the district court and hold them for naught, and overrule the husband's motion for an attorney fee.

So far as is pertinent to the issues before us, the aforesaid decree, which was summarily affirmed by this court in *Kirshen v. Kirshen*, 214 Neb. 631, 335 N.W.2d 303 (1983), places custody of the two minor children of the parties in and with the wife, requires that the husband pay the sum of $100 per month per child in support, and finds that each of the parties be responsible for the debts each incurred after a stated date,

except that [the wife] shall be responsible for one-half ($5,050.00) of the [husband's] loan in his own name at the [Norwest Bank, Omaha, Nebraska] in the present amount of $10,100.00. She will be responsible for no further increases in the principal amounts due on said loan nor will she be responsible for the accumulation of interest thereon.

The decree did not enjoin either party from disturbing the peace of the other.

The controversy presently before us began with the wife's letters to the judge who rendered the decree, complaining that the husband was harassing her and removing money from various accounts in which she had an interest or to which she had access. Upon receipt of the second of those letters, dated 9 days apart, the judge issued an order directing the husband to appear before him the following day "and show cause why he should not be held in contempt of Court for abuse of process in the institution of garnishment proceedings . . . ."

At the hearing held pursuant to the show cause order, the judge recused himself from considering and determining whether the husband was in contempt; in view of that fact and the disposition of this matter, we need not concern ourselves with the manner in which the proceedings now before us commenced. Notwithstanding the fact the judge recused himself from considering the only matter noticed for hearing, he entertained evidence touching upon a number of issues and rendered orders which purported to, among other things, interpret the interest provisions of the decree relating to the Norwest debt, define for the first time the maturity date of the wife's obligation on that debt, double the husband's child support obligation, impose monetary penalties in the event he failed to timely meet that increased obligation, and quash all garnishments the husband had caused to be issued in an apparent effort to collect on the wife's obligation on the Norwest debt as specified in the decree as originally entered (at least one of which was pending before the district court in and for a county other than Douglas). While it is true, according to the discussions of counsel, that there was pending a motion filed by the husband seeking an interpretation of the decree,

that motion is not contained in the portions of the record submitted to us. Moreover, there is nothing which suggests there were pending any applications seeking modification of the decree with respect to the Norwest debt, child support, or any other matter; and nothing to suggest there were any applications pending which sought to quash any garnishments, unless the wife's letters to the judge can be so characterized—a matter we need not and do not decide, for, as the analysis which follows demonstrates, what was or was not pending with respect to the matters acted upon by the judge is immaterial. The dispositive fact is that once the judge recused himself on the contempt matter, there was nothing before the court which had been noticed for hearing.

U.S. Const. amend. XIV, § 1, provides that no state shall deprive any person of property "without due process of law." Neb. Const. art. I, § 3, affords the same protection in like language. Due process has been held to require that adjudication be preceded by notice and an opportunity to be heard which is fair in view of the circumstances and conditions existent at the time. See, *Armstrong v. Manzo*, 380 U.S. 545, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965); *Black v. Black*, 223 Neb. 203, 388 N.W.2d 815 (1986).

Accordingly, in *State ex rel. Douglas v. Schroeder*, 212 Neb. 562, 324 N.W.2d 391 (1982), we held that one who appeared on motions to dismiss and for summary judgment could not be compelled to proceed to hearing on pending requests for the production of documents. In *Tuch v. Tuch*, 210 Neb. 601, 316 N.W.2d 304 (1982), we held that the court had no power to modify the terms of its earlier support order during the course of contempt proceedings arising from defendant's claimed arrearages in child support payments. *Howard v. Howard*, 207 Neb. 468, 299 N.W.2d 442 (1980), held the district court erred in modifying its earlier decree by adding an alimony obligation during the course of contempt proceedings arising from the failure to pay debts, without granting a hearing for that purpose.

It was a fundamental deprivation of due process to summon the husband in this case to explain why he should not be found in contempt for causing garnishments to be issued and then

enter myriad rulings dealing with a variety of other issues. So far as the order to show cause reflected, the only issue to be considered was whether the husband had in some way put himself in contempt of court by causing the issuance of garnishments, not whether the garnishments ought be quashed, whether he was in arrears in the payment of child support, whether the child support obligation should be increased and what should follow if he failed to timely meet that obligation, what the terms of any portion of the decree as originally entered meant, nor whether the debt relationship between himself and the wife should be altered. Accordingly, the orders interpreting and modifying the original decree and quashing the garnishments are nullities and have no force or effect.

This resolution makes it unnecessary for us to review the inappropriateness of a motion seeking an interpretation of a judgment which has become final, *Neujahr v. Neujahr*, 223 Neb. 722, 393 N.W.2d 47 (1986), or to consider the second category of assignments.

While judicial frustration with the conduct of any party provides no basis for suspending constitutional rights, the record suggests the presence in this case of such immature and mean-spirited conduct as would try the patience of the most deliberative of jurists. Accordingly, the husband's motion for the award of an attorney fee is overruled; each party is to pay any fee he or she incurred and bear the costs of his or her own making.

REVERSED AND VACATED.