FRANCES MARLENE MAYS, APPELLEE, V. HAROLD C. MAYS, APPELLANT.

428 N.W.2d 618

Filed September 2, 1988.   No. 86-1015.

Robert J. Hovey, P.C., of Robinson, Hovey, P.C., and Kenney, for appellant.

James W. Knowles, Jr., of Knowles Law Office, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is stated to be an appeal from a November 4, 1986, order of the district court which purported to deny an unidentified motion and amended motion of the respondent. The order, inter alia, made findings as to the failure of the petitioner to comply with a September 29, 1986, order of the court to deliver to respondent certain items of personal property, including some coins, and the failure of the petitioner to pay certain sums of money into court; found both parties to be in contempt of court and levied fines against each; directed the parties to pay specified sums of money to the clerk of the court with directions as to the disbursement of those funds; and overruled respondent's motion and amended motion for a new trial.

Although the transcript is woefully deficient in that none of the motions or other pleadings upon which these proceedings were had appear of record, we can address respondent's complaints by means of some interpolation.

Apparently, respondent was awarded certain coin collections in the original decree. In the order of September 29, the court found that certain enumerated coin collections shall be delivered to the respondent by the petitioner, or that petitioner shall pay what amounted to the face value of the coins to the respondent. In its order dated November 4, overruling respondent's motions for new trial, the court *apparently* let its order regarding the coins stand. Respondent's assignments of error claim that the court, by permitting payment in lieu of delivery of the coins, unauthorizedly modified its original decree of dissolution and, in the alternative, that the value of the coins should be the actual value, rather than the face value.

This case is controlled by *Neujahr v. Neujahr*, 218 Neb. 585, 357 N.W.2d 219 (1984), in which we held that absent an application and notice requesting modification, a trial court has no power to modify, during the course of contempt proceedings, the terms of an earlier order for support or division of property.

To that extent the judgment of the district court is reversed, but it is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED.