560

DONALD H. REES AND JOAN M. REES, HUSBAND AND WIFE,
APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS,
APPELLEE.

563 N.W.2d 359

Filed May 30, 1997.   No. S-95-852.

Thomas E. Brogan, of Brogan & Stafford, P.C., for appellants.

Don Stenberg, Attorney General, and Jeffery T. Schroeder for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.
## I. STATEMENT OF CASE
In this eminent domain action initiated by the defendant-appellee, the State of Nebraska through its Department of Roads, the district court entered judgment on the verdict in favor of the plaintiffs-appellants, Donald H. Rees and Joan M. Rees, husband and wife. Concluding that the judgment did not compensate them "for the losses they sustained," brief for appellants at 6, the Reeses appealed to the Nebraska Court of Appeals, which, in an unpublished memorandum opinion filed

December 2, 1996, affirmed the judgment of the district court. The Reeses thereafter successfully petitioned this court for further review, asserting, in summary, that the Court of Appeals erred in failing to rule that (1) the jury was improperly empaneled and (2) a certain exhibit was improperly submitted to the jury. We affirm.

## II. SCOPE OF REVIEW

The dispositive issues present questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Ethanair Corp. v. Thompson, ante* p. 245, 561 N.W.2d 225 (1997).

## III. FACTS

In order to improve a highway, the State condemned a portion of the Reeses' land, thereby bisecting it. Being dissatisfied with the award of the county court appraisers, the Reeses filed a petition on appeal in the district court.

Prior to the commencement of the district court trial of the Rees case, the State had been a party in another eminent domain action which involved the same highway. That case, Abler et al. v. State of Nebraska, Department of Roads, Madison County District Court, docket 26239G, was tried to a jury in the same court as the Rees action. See *Abler v. State*, 96 NCA No. 44, case No. A-95-814 (not designated for permanent publication).

Fearing that the members of the array of prospective jurors who had served as jurors in the Abler trial might be unduly influenced by what they had heard therein, the State, on the morning of the scheduled Rees trial, orally moved that such members of the array be excused from service. The Reeses objected on the grounds that the motion was neither relevant to those proceedings nor timely made, and that there was "no prejudice shown on the part of the nine jurors that would be excused." The district court overruled the Reeses' objections and sustained the State's motion. As a result, the Rees jury was selected from a panel of venirepersons culled from the 22 remaining members of the array.

## IV. ANALYSIS

### 1. EMPANELING OF JURY

In the first assignment of error, the Reeses assert the Court of Appeals erred in failing to rule that the jury was improperly empaneled because the Court of Appeals (a) mistakenly concluded that the record was inadequate, (b) incorrectly reasoned that the district court's failure to adhere to the rules concerning the filing and noticing of motions did not prejudice them, and (c) wrongly ignored Neb. Rev. Stat. § 25-1631.03 (Reissue 1995), which the Reeses argue requires that a panel of venirepersons be selected from an array consisting of at least 24 members.

### (a) Adequacy of Record

The Court of Appeals concluded that the Reeses failed to show they were prejudiced by the district court's ruling, since the bill of exceptions did not reveal whether the Reeses had passed the panel of venirepersons for cause. However, we have written that a party who unsuccessfully challenges the seating of a venireperson as a juror and who thereafter passes the panel of venirepersons for cause merely indicates thereby that, subject to the previously made cause objection, the party is ready to exercise his or her peremptory challenges. *Howard v. State Farm Mut. Auto. Ins. Co.*, 242 Neb. 624, 496 N.W.2d 862 (1993). In like fashion, a party who passes for cause a panel of venirepersons selected from an array to which the party objected indicates only that the party, subject to his or her prior objection, is ready to exercise his or her peremptory challenges. While in this instance the Reeses objected not to the array but to the State's motion to diminish it, the effect of the objection was to challenge the remaining makeup of the array. Thus, the failure of the bill of exceptions to contain the questioned information is of no significance, for even if the Reeses passed the venire for cause, they had objected to the makeup of the array from which the venire was selected.

### (b) Adequacy of Notice

In claiming that they were given inadequate notice of the motion, the Reeses point, among other things, to the rule of the

district court providing that pretrial motions requiring a hearing be in writing and, unless waived, be filed at least 5 days prior thereto.

Since the State's motion was predicated on events which predated the commencement of the Rees trial, the motion fell within the ambit of the notice rule. While the record does not tell us precisely when the Abler trial ended, it does tell us that the Rees trial did not begin until Wednesday, May 24, 1995, and that the members of the array at issue served in the Abler case "a week ago." Therefore, even if the word "week" was not used in its technical sense and a period of less than 7 days elapsed between the end of the Abler trial and the commencement of the Rees trial, we know that some days elapsed between the two events. Consequently, even if there was not enough time for the State to comply with the 5-day requirement of the rule, there was at least time to give some prior notice. The obvious purpose of the notice requirement is to avoid trials by ambush by providing the opposing party an opportunity to study the subject of the motion and prepare to meet it. See *State ex rel. Douglas v. Schroeder*, 212 Neb. 562, 324 N.W.2d 391 (1982) (notice which is meet and fair in view of circumstances and conditions existent at time with reference to matter presented is element of due process).

### (c) Lack of Prejudice

Consequently, the question becomes whether the State's improper failure to have given notice prejudiced the Reeses. See *Goeke v. National Farms, Inc.*, 245 Neb. 262, 512 N.W.2d 626 (1994) (absent prejudice of party's substantial rights, appellate court may disregard procedural errors). The objection made by the Reeses in the district court makes no claim that they were entitled to an array of 24 persons under the provisions of § 25-1631.03, which reads:

The judge shall examine all jurors so selected who appear and if, after all excuses have been allowed more than twenty-four petit jurors for each judge sitting with a jury, who are qualified and not excluded by the terms of section 25-1601, shall remain, the court may excuse by lot such number in excess of twenty-four as the court may see

> fit. Those jurors who have been discharged in excess of twenty-four for each judge, but are qualified, shall not be discharged permanently, but shall remain subject to be resummoned for jury service upon the same panel and before a new key number is selected.

That failure, standing alone, might be excused on the ground that not having been given timely notice of the motion, the Reeses lacked time to research the issue.

However, even if it can be said that the issue falls within the reach of the Reeses' assignment in the Court of Appeals that the district court erroneously excluded "from the jury panel those jurors who had served in another case," a matter we need not and therefore do not decide, the Reeses presented no argument to the Court of Appeals specifically directed at the requirements of § 25-1631.03. Under that circumstance, we cannot determine that had the Reeses been given timely notice of the State's motion, they would have included a § 25-1631.03 ground in their district court objection. Accordingly, we must conclude that the State's failure to have given timely notice of its motion did not prejudice the Reeses. That being so, we need not and do not concern ourselves with the propriety of the district court's sustainment of the State's motion or the meaning of § 25-1631.03.

## 2. Submission of Exhibit

In the second and final assignment of error, the Reeses assert that the Court of Appeals erred in failing to rule that the district court improperly submitted to the jury as an exhibit a transcription of the motion for mistrial made by the State in the course of the condemnee's closing argument in the Abler case, of the arguments on that motion, and of the Abler trial court's comments in overruling the motion.

However, the bill of exceptions reflects that the exhibit was offered by the State in connection with its motion to excuse from the array those members who had sat as jurors in the Abler case. The bill of exceptions further recites that in overruling the Reeses' relevancy objection to the offer, the district court limited the receipt of the exhibit "for the purpose of this hearing only." There is nothing in the record which demonstrates that

the district court changed its mind and expanded the purpose for which it received the exhibit or that it inadvertently submitted the exhibit to the jury. In the absence of such a showing, we cannot conclude that the district court did other than what it said it was doing.

### V. JUDGMENT

As the record fails to sustain the errors assigned to the Court of Appeals, its judgment is, as noted in part I above, affirmed.

AFFIRMED.