SECURITY NATIONAL BANK OF GRAND ISLAND V. VICTORIAN D. LATIMER.

FILED MAY 5, 1897. No. 7276.

1. **Record for Review.** Matters certified as part of a record cannot be controlled by statements contained in an affidavit.

2. **Pleading: AMENDMENT DURING TRIAL.** An amendment pertinent to plaintiff's cause of action is allowable during a trial, and, subsequently, should not be stricken out on motion merely because in the further course of the trial it is discovered that by reason of

the amendment plaintiff is not confined to only one theory but is entitled to recover on either of two theories, which, for their establishment, are dependent upon practically the same evidence.

ERROR from the district court of Hall county. Tried below before KENDALL, J. *Affirmed.*

*R. R. Horth* and *Abbott & Caldwell*, for plaintiff in error.

*W. H. Platt* and *Clark Varnum, contra.*

RYAN, C.

In the early part of the year 1890 certain parties residing in Hall county undertook to organize a bank at Grand Island to be known by the name of the Security National Bank. On March 31, 1890, one of these parties entered into a written contract with R. C. Alden & Co., whereby that firm engaged to sell within thirty days $100,000 of the capital stock of the said bank. The consideration for such services was to be a retainer then paid of $500 and two and a half per cent of the amount which, through the agency of Alden & Co., should be disposed of. This contract was signed by J. M. Marsh, one of the promoters of the scheme, as "cashier Security National Bank (organizing)." The proposed organization was afterwards completed and Marsh, for a considerable length of time, was cashier of the bank while it was in active operation. During the summer of 1890 there arose a misunderstanding between Alden & Co. and the officers of the bank with reference to the compensation to be paid Alden & Co. The evidence does not show the exact nature of the trouble. It seems never to have been adjusted, and probably to this fact is traceable the litigation with which we are now called upon to deal. Alden & Co. retained the entire amounts which that firm collected on subscriptions of stock procured by it and refused to pay any of these amounts to the bank until there should be had a settlement of the commissions claimed to be due. Among the subscriptions of stock

procured by Alden & Co. were two made by Victorian
D. Latimer for an amount in the aggregate of $1,500.    In
various installments the entire sum named was paid to
Alden & Co., which firm, during all the time covered by
the payments, was recognized as an authorized agent
for the bank for the purpose of procuring subscriptions
for its stock.    When the stock of Latimer had been fully
paid for, he was desirous of receiving certificates evi-
dencing his ownership of stock, but these the officers of
the bank refused to issue.    This action was thereupon
brought to recover the amount which he had paid for
the stock of the bank, with interest thereon from the time
of payment.    There was a verdict and judgment con-
formably with the prayer of Latimer.

It is urged by the bank that the original petition was
framed on the theory that the subscription of the defend-
ant in error had been obtained by fraudulent representa-
tions, and that, during the trial, leave to amend the peti-
tion was obtained upon the assurance of counsel for the
defendant in error that the amendment was merely
formal in its character.    Without postponement of the
trial this amendment, it is said, was made so as to in-
corporate into the petition after the allegation that "de-
fendant [the bank] has never delivered any of said stock
to plaintiff or offered so to do," the additional words,
"but has refused, and still does refuse, so to do."    It is
admitted by the counsel for the plaintiff in error that
after the above amendment had been incorporated into
the petition there was an amendment made of the an-
swer, by which the allegation made by amendment of the
petition was admitted to be true.    It is insisted, notwith-
standing these conceded facts, that there was error in
the refusal of the court, on motion, to strike out the afore-
said amendment from the petition.    In the first place we
cannot sustain this contention, for the reason that the
clerk of the district court has certified that the petition
and answer were filed in the condition in which we now
find them.    To sustain the contention of counsel would

be to concede that a certified transcript of the record might be controlled and modified by matters shown by affidavit. In the second place, if we should assume that the facts are as stated in the affidavit, there would appear nothing more serious than the allowance of an amendment which the counsel for the plaintiff practically concedes was very important. By section 144 of the Code of Civil Procedure it is provided that the court may, either before or after judgment, in furtherance of justice, and, on such terms as may be proper, amend any pleading, process, or proceeding in certain respects, among which is that against which plaintiff in error is making this objection. There was a consent to this amendment and an admission that the averment thereby made was true. Under these circumstances there can exist no doubt that the amendment was properly permitted without the imposition of terms. From the fact that it was thereafter developed that, in addition to fraud as a ground for relief, there was pleaded by the amendment a refusal to deliver that for which payment had been made, as an independent substantive fact, it did not necessarily result that the amendment in question should have been stricken out of the petition. Indeed, if the amendment in advance had been objected to for the reason now urged against it, we could not say there would have been error in permitting such amendment to be made,—certainly there exists no good reason for holding that when made and its correctness of averment as to facts conceded it should on motion have been stricken out.

There are no special objections made to the instructions or to any ruling made in the course of the trial. Such objections as are made in a general way would, perhaps, be entitled to consideration if this case had been tried on the theory alone that the plaintiff's money had been obtained by fraudulent representations. There was no question possible on the evidence that the firm of

Alden & Co. was duly authorized to canvass for and obtain subscriptions to stock, and there was no objection made that the firm was not authorized to receive payment for stock thus procured to be subscribed. As already stated, it was admitted by the bank in its answer that there existed a continued refusal on the part of the bank to issue the stock so subscribed and paid for. Under these circumstances it is scarcely necessary to say that there was sufficient evidence to sustain the verdict of the jury. As there has been pointed out or discovered no error in the record, the judgment of the district court is

AFFIRMED.

HARRISON, J., not sitting.