CAROLYN MILLER, APPELLANT, V. DEAN MILLER, APPELLEE.

212 N. W. 2d 646

Filed December 7, 1973. No. 39035.

Marks, Clare, Hopkins, Rauth & Garber, for appellant.

Haney, Wintroub & Haney, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, and CLINTON, JJ., and C. THOMAS WHITE, District Judge.

SPENCER, J.

Petitioner, Carolyn Miller, appeals from the denial of her motion for a new trial and her motion to set aside and vacate a divorce decree rendered July 27, 1972. We affirm.

The motion for a new trial was filed on petitioner's behalf by trial counsel. Subsequently, she discharged trial counsel and hired other counsel who filed a motion to set aside and vacate the decree. This motion was filed January 24, 1973, within 6 months from the entry of the decree and while the motion for new trial was still pending. It alleged inter alia that the court had grossly underestimated the value of respondent's property and alleged a change in circumstances because petitioner was unemployed. Both motions were set

for hearing February 13, 1973. No showing was made on the motion for new trial but evidence was adduced on the motion to vacate.

The only issues involved in this appeal are the division of the property and the adequacy of the alimony allowance. Except for the fact that petitioner was unemployed at the time of her motion to vacate the decree, the issues raised involve the valuation of the property of the parties and the amount awarded to petitioner in the decree. It is pertinent to note that most of the values placed on the property in the divorce proceeding were fixed by stipulation of the parties, by the petitioner herself, or by evidence adduced on her behalf. We are satisfied that the evidence presented in support of petitioner's motion to set aside the decree was readily available to her at the time of trial. A motion to vacate is not available to a party to supply deficiencies, if any, in the evidence adduced at the trial. Petitioner cannot be permitted to retry the issues after she has had her day in court. There must be an end to litigation.

Section 42-372, R. S. Supp., 1972, permitting the trial court to modify its decree within 6 months, impliedly requires a showing of good cause. The refusal of the trial court to set aside a decree of divorce within the 6-month period pending finality may not be reversed by the Supreme Court in the absence of an affirmative showing of an abuse of discretion. As we said in Zachry v. Zachry (1970), 185 Neb. 336, 175 N. W. 2d 616: "The control of a divorce decree during the 6-month period pending finality is within the sound judicial discretion of the trial court." The motion to vacate was properly denied.

The rule is well established that the judgment of a trial court fixing the amount of alimony will not be disturbed on appeal unless good cause is shown. Newton v. Newton (1972), 188 Neb. 242, 196 N. W. 2d 116.

We have also said that the amount of alimony to be granted a wife is not to be determined alone from the property possessed by the husband. Many other factors enter into this determination. Here, in addition to a division of property, petitioner was awarded $450 per month until remarriage, death, or further order of the court.

The judgment of the trial court is affirmed.

AFFIRMED.