ANDY VAUGHN HOWARD, APPELLANT, V.
MYRA MAY HOWARD, APPELLEE.

299 N.W.2d 442

Filed December 12, 1980. No. 43094.

Thomas R. Lamb of McArthur, Lamb, Lyford & Gilmore for appellant.

Gary R. Pearson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

WHITE, J.

On May 4, 1979, the District Court for Lancaster County, Nebraska, entered a decree dissolving the marriage of the parties, awarding custody of the minor children, dividing the property, fixing child support, and ordering the appellant-husband to pay debts incurred during the marriage of approximately $7,000. The decree made no provision for alimony. In July 1979, appellant filed a petition in bankruptcy and, although the record is not clear, he apparently listed some of the debts he had been ordered to pay and for which, in due course, he received a discharge.

On October 22, 1979, the District Court vacated the decree of May 4, 1979, and entered, without further hearing, a modified decree identical in all respects with the original decree except that the provision requiring appellant to pay debts was stricken and a provision ordering appellant to pay appellee-wife $200 per month for 36 months was added. The action of the District Court arose on a motion for citation of the appellant for contempt for failure to pay the debts. The trial court received evidence indicating appellee had been subjected to collection pressure by the creditors, and concluded appellant had no intention to pay the debts and that the bankruptcy petition was a fraud on the court and a frustration of the decree. After a motion to set aside the modified decree was overruled, this appeal was filed. We affirm in part and, in part, reverse and remand.

Appellant assigns as error: "The court erred in redetermining the rights of the parties on the merits

following the vacation of the original decree without . . . a rehearing on the merits."

At the outset, appellee suggests that the trial court had the authority under Neb. Rev. Stat. § 25-2001 (Reissue 1979.) to modify the decree during the same term. The rules of the District Court are filed with the Clerk of the Supreme Court pursuant to the rule adopted April 5, 1978, and we take judicial notice of those rules. *State v. Barrett*, 200 Neb. 553, 264 N.W.2d 434 (1978). Rule II of the District Court for Lancaster County provides: "There shall be two regular terms of court each year, the January Term and the September Term, said terms to commence on dates in each of said months to be designated by the judges." The appellee filed two motions to vacate; however, both such motions were overruled and there was no appeal from that ruling. Since there was no pending motion to modify or vacate, the court took the action to modify or vacate on its own motion. That action was taken at a different term.

Implicit in the trial court's action are the following questions: (1) Did the trial court have power to vacate the decree? (2) Was the trial court authorized to enter a modified decree providing for alimony, without a further hearing, when none was provided for in the original decree?

Neb. Rev. Stat. § 42-372 (Reissue 1978) provides that, absent appeal, "the court may, at any time within such six months [of the date of the decree], vacate or modify its decree."

"'The control of a divorce decree during the 6-month period pending finality is within the sound judicial discretion of the trial court.'" *Miller v. Miller*, 190 Neb. 816, 817, 212 N.W.2d 646, 647 (1973) quoting *Zachry v. Zachry*, 185 Neb. 336, 175 N.W.2d 616 (1970). The District Court did not exceed its authority in vacating the decree.

Before considering whether a hearing was necessary prior to the entry of a modified decree, we are faced

with Neb. Rev. Stat. § 42-365 (Reissue 1978), which reads, in part: "Unless amounts have accrued prior to the date of service of process on a petition to modify, orders for alimony may be modified or revoked for good cause shown, but when alimony is not allowed in the original decree dissolving a marriage, such decree may not be modified to award alimony."

In *Haug v. Haug*, 195 Neb. 377, 238 N.W.2d 455 (1976), this court was considering an application to modify a decree of divorce entered more than 6 months before the application was filed. We held a modification could not be allowed to provide alimony where no provision for alimony was made in the final decree.

We think that the provisions of § 42-365 and § 42-372 can be reconciled. Although we have discovered no precedents, we hold that § 42-372 allows a modification within the 6 months before the decree is final to provide for alimony where none was awarded in the final decree. We further hold that § 42-365 is limited in its application to those situations in which, except for this statute, the court could not otherwise modify or vacate the decree.

Should the court have granted appellant a further hearing? In this factual context, we hold that it should have. We said in *Miller v. Miller, supra* at 817, 212 N.W.2d at 647: "Section 42-372, R. S. Supp., 1972, permitting the trial court to modify its decree within 6 months, impliedly requires a showing of good cause." While the showing requiring modification might result in the same evidence being introduced as in the contempt hearing, the appellant will have notice at a subsequent hearing of the proposed modification and be prepared to introduce evidence. We do not hold that, after every vacation of a decree, a trial court must hold a further hearing to modify; simply that one is required when a court, in effect, vacates a decree on its own motion without opportunity to produce evidence with respect to the terms of the proposed modification.

The order vacating the decree is affirmed; the modified decree is set aside; and the cause is remanded to the District Court for further proceedings not inconsistent herewith.

AFFIRMED IN PART, AND IN
PART REVERSED AND REMANDED.