CAROL L. PUETZ, APPELLEE, V. MICHAEL J. PUETZ,
APPELLANT.
319 N.W.2d 761

Filed May 21, 1982. No. 82-009.

Anthony S. Troia, for appellant.

Luebs, Dowding, Beltzer, Leininger & Smith, for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

CAPORALE, J.

This is an appeal from the orders of the District Court of Nebraska, Eleventh Judicial District, in and for Hall County, overruling respondent-appellant's motion to set aside and motion for new trial. We find the trial court was correct, and we affirm.

The action was commenced on January 21, 1980, by a petition seeking dissolution of the parties' marriage, which, in addition to general equitable relief, specifically prayed for, among other things, "a suitable division of the property accumulated by the parties . . . [and] temporary and permanent support and alimony . . . ." Appellant's voluntary appearance reserved his "statutory time within which to plead or answer." Appellant filed no pleading nor made any appearance. On May 12, 1980, trial, without notice to appellant, was had on appellee's petition. A decree was entered on May 16, 1980, which dissolved the marriage; quieted title in and to the real estate in appellee and awarded the personal property to the party having possession of same, subject to existing encumbrances; awarded appellee $10,000 in alimony, which appellant was ordered to pay at the rate of $200 per month together with inter-

est at the rate of 8 percent per annum; awarded appellee all 1979 tax refunds; restored appellee's former name; and provided that each party pay her and his own costs and attorney fees.

On May 22, 1980, appellant filed a motion to set aside the decree. The motion alleged that the decree, as entered, varied from appellee's representations that she "was not requesting alimony" and that the "parties' interest in the residential real estate was to be divided equally between the parties, subject to a second mortgage, which was to be the Respondent's responsibility." The motion further claims that appellant did not appear at the "hearing" because of his reliance upon said representations.

Appellant urges the trial judge abused his discretion in overruling his motion to set aside the decree.

At the trial held May 12, 1980, on appellee's petition, she testified that the marriage was contracted on August 16, 1975; that she was earning about $15,000 net annually; and that appellant was then earning "Thirth-Thousand [sic] a year" as a production supervisor. (Unfortunately, the record leaves us in doubt as to whether the annual earnings were thirteen thousand or thirty thousand. However, in view of our analysis and disposition, the question becomes immaterial.) There were no children. Appellant had no earnings for 1979, during which time appellee carried the financial burdens of the marriage. Prior thereto she contributed at least 90 percent to the costs. Although the trial record before us contains no evidence as to the value of the real estate (appellant's attorney later argued that there was a $28,000 equity), the trial record does show the realty was subject to a first mortgage of $47,253 and a second mortgage in an undisclosed amount. The proceeds of the second mortgage were used in an effort to establish appellant's unsuccessful business venture. Appellee also testified that she attempted

to communicate with appellant after he had moved out of the house but was unsuccessful in those efforts and that she had had no contact with him "since right after Christmas."

At the hearing on appellant's motion to set aside, appellee testified that at discussions had prior to appellant's moving out of the house, the parties had talked about getting an appraisal of the real estate but had no discussions concerning how to allocate any equity. Appellee denied stating to appellant that she sought no alimony.

Appellant, on the other hand, testified that he met and talked with appellee in January of 1980 and they agreed that any equity in the real estate would be divided between them. Appellant's motion recites that appellee represented she was not requesting alimony. At one point appellant denied signing a voluntary appearance but acknowledged doing so upon being presented with the document. He also acknowledged receiving a copy of the petition.

Appellant did not appeal from the decree but, rather, chose to move to have it set aside on the basis of fraud. Although on appeal an action for dissolution is heard de novo in this court, *Barber v. Barber,* 207 Neb. 101, 296 N.W.2d 463 (1980), such is not the case with respect to motions to set decrees of dissolution aside. Authority for such motions is found in Neb. Rev. Stat. § 42-372 (Reissue 1978), which provides that a decree of dissolution shall not become final or operative until 6 months after rendition and that, in the absence of appeal, the trial court may, within such 6 months, vacate or modify its decree. In *Howard v. Howard,* 207 Neb. 468, 299 N.W.2d 442 (1980), we reaffirmed our statements in *Miller v. Miller,* 190 Neb. 816, 212 N.W.2d 646 (1973), and *Zachry v. Zachry,* 185 Neb. 336, 175 N.W.2d 616 (1970), that control of a divorce decree during the 6-month period pending finality is within the sound judicial discretion of the trial court and that the ac-

tions of said court may not be reversed in the absence of an abuse of that discretion.

Here, the evidence as to what representations were made is in conflict. We cannot say good cause to set aside the decree was shown and cannot say the trial court abused its discretion in overruling appellant's motion.

AFFIRMED.