Donald Joseph Tejral, appellant, v. Debra Ann Tejral, appellee.

369 N.W.2d 359

Filed June 21, 1985. No. 84-505.

Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellant.

Ronald S. Depue of McDermott, Depue & Zitterkopf, for appellee.

Krivosha, C.J., Boslaugh, White, Hastings, Caporale, Shanahan, and Grant, JJ.

Grant, J.

Petitioner-appellant husband appeals from an order of the district court granting the motion of respondent-appellee wife to vacate a default judgment entered in a dissolution of marriage case between the parties. The default judgment dissolved the marriage of the parties, granted custody of the parties' two children to petitioner, and divided the property and debts of the parties. For the reasons hereinafter set out we reverse.

On February 1, 1984, the husband filed his petition seeking a dissolution of the parties' marriage, custody of the parties' two children, and an equitable division of the parties' property and debts. The wife was served personally with a summons, together with a copy of the petition, on February 2, 1984. The wife did not file any motion or answer to the petition and did not enter any appearance in the action. On April 26, 1984, the husband, with his attorney and two witnesses, appeared before the district court for Hall County, Nebraska. A hearing was held and a decree of dissolution of the marriage was signed on

April 27 by the district judge. The wife did not appear at this hearing, nor did she receive any notice of the hearing.

On May 18, 1984, respondent filed her motion to vacate the decree of dissolution of April 27 "for the reason that irregularities occurred in obtaining the Decree of Dissolution in that Respondent was not legally notified of the time and place of hearing." On June 4, 1984, a hearing was held on the respondent's motion. The parties stipulated that "[r]espondent did not receive notice of the final hearing for dissolution, which was held on April 26, 1984." No further evidence was adduced. The court then signed its order granting respondent's motion to vacate the judgment and decree of April 27, 1984.

Petitioner timely appealed to this court, alleging as error that the district court abused its discretion in granting respondent's motion. This court has clearly stated that motions to set aside decrees of dissolution are within the scope of Neb. Rev. Stat. § 42-372 (Reissue 1984), which provides that, in the absence of an appeal, the trial court may at any time within 6 months vacate or modify the decree. We have also held, as stated in *Puetz v. Puetz*, 211 Neb. 674, 676-77, 319 N.W.2d 761, 763 (1982), that "control of a divorce decree during the 6-month period pending finality is within the sound judicial discretion of the trial court and that the actions of said court may not be reversed in the absence of an abuse of that discretion." See, also, *Howard v. Howard*, 207 Neb. 468, 299 N.W.2d 422 (1980); *Miller v. Miller*, 190 Neb. 816, 212 N.W.2d 646 (1973). Disposition of this case then depends on determination of the question whether the trial court abused its discretion in vacating the court's earlier dissolution of the parties' marriage on the basis presented to the trial court.

At the default hearing of April 26, 1984, two disinterested witnesses testified that each of them knew both of the parties, although they knew the husband better, and that each of them had children of her own; and each testified that the husband had a great deal to do with raising the children and was a good father to the children. The trial court did not question either of these witnesses.

Petitioner then testified that he was the manager of an ambulance service in Grand Island, after having retired as a

police officer in Spencer, Nebraska, where he had been shot while so serving. Petitioner described the assets of the parties, which consisted primarily of an $8,000 mobile home subject to a mortgage of $7,665. He also described respondent's conduct toward the parties' children, which he described as "irresponsible," and described specific instances of neglect endangering the children. Petitioner described his role as "I have always been concerned. I have every — ever since day one. I have been the one to change the diapers, feed them, get up in the middle of the night with them." Petitioner also testified that he and his wife discussed the dissolution case "routinely everyday" and that she acknowledged she knew the action was pending. Petitioner further testified that his wife had told him she was not going to give him a divorce and that "if she can't have the children, nobody will." Petitioner also testified that he had advised respondent "to seek legal advice, her family has, her parents have, my boss and his wife has, her friends have, and she's neglected to do so."

The trial court questioned the petitioner concerning efforts at reconciliation, petitioner's employment, and respondent's past employment. The court then found the marriage irretrievably broken; dissolved the marriage; awarded custody of the children to petitioner, subject to respondent's rights of reasonable visitation; and awarded the mobile home, subject to encumbrances, to petitioner. The court also awarded an automobile valued at $1,000 to respondent, as well as a judgment of $1,200 in lieu of alimony.

It is important to note that respondent's sole attack on this decree is that the decree was entered without notice to her. Respondent does not allege that she was misled in any way by petitioner at any phase of these proceedings. She does not allege that she was overreached by either the court or petitioner in any respect, nor does she allege that the court's decree was unfair or inequitable.

On the other hand, petitioner has complied fully with the provisions as to service of process set out in Neb. Rev. Stat. § 42-355 (Reissue 1984) in that respondent was served personally with a summons which notified her that she was required to file a response within 30 days or that judgment

"may be entered for relief demanded in the petition." She was served at the same time with a copy of the petition which sought a dissolution of her marriage and the custody of the parties' children. She chose to do nothing. In that situation it was an abuse of the trial court's discretion to set aside the court's earlier decree entered in accord with the applicable statutes of Nebraska. Neither those statutes nor the applicable court rules of the Eleventh Judicial District of Nebraska required notice of the final hearing to be given where a respondent had not responded to the petition within 30 days nor entered her appearance in the case before the hearing. In this case 83 days had intervened between service of the summons and the date of hearing. To adopt appellee's position would mean that service is required twice in every case before a default judgment could be entered. A party's voluntary inaction and inattention should not be permitted to paralyze the ordinary and orderly functioning of the legal process.

We hold that where a party in a dissolution of marriage case is served personally with a summons and a copy of the petition in the case, and that party chooses not to file any pleading nor to enter an appearance in the case, and has not otherwise requested notice of hearing, notice of a default hearing need not be given to such party. We further hold that it is an abuse of the trial court's discretion under § 42-372 to set aside a dissolution decree, properly entered, on the sole basis that notice of hearing was not sent to the party in default of filing any pleading or entering an appearance in the case.

The cause is reversed and remanded with directions to the trial court to reinstate the decree of April 27, 1984. Costs are taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent. I do so on the very narrow ground that I believe it error to declare as a matter of law that "it is an abuse of the trial court's discretion under [Neb. Rev. Stat.] § 42-372 [(Reissue 1984)] to set aside a dissolution decree, properly entered, on the sole basis that notice of hearing was not sent to the party in default of filing any pleading or entering an appearance in the case." The use of the term "discretion"

implies that a hard-and-fast rule cannot be invoked. See *Pettegrew v. Pettegrew*, 128 Neb. 783, 260 N.W. 287 (1935). To therefore suggest that while the rule cannot be hard and fast, the evidence of its abuse can be, is not itself a good rule for this court to adopt. I believe that to be true, particularly in view of the fact that we have said that "[i]n this jurisdiction the law is established that courts of general jurisdiction possess inherent power to vacate or modify their own judgments *at any time* during the term at which they were pronounced." (Emphasis supplied.) *Gasper v. Mazur*, 155 Neb. 856, 859, 54 N.W.2d 66, 68 (1952). See, also, *Meier v. Nelsen*, 156 Neb. 666, 57 N.W.2d 273 (1953); *Lyman v. Dunn*, 125 Neb. 770, 252 N.W. 197 (1934); *Bradley v. Slater*, 58 Neb. 554, 78 N.W. 1069 (1899).

Appellate courts generally consider an abuse of discretion to occur when the act of the trial court was clearly untenable or unreasonable, if its action clearly amounts to a denial of justice, or if clearly against justice or conscience, reason and evidence. See *Pettegrew v. Pettegrew, supra*. See, also, *Mabry v. Mudd*, 132 Neb. 610, 272 N.W. 574 (1937). That is a matter of fact to be decided in each case, on a case-by-case basis.

As we observed recently in *Guggenmos v. Guggenmos*, 218 Neb. 746, 748, 359 N.W.2d 87, 90 (1984):

> A review to determine whether an abuse of discretion has taken place is much narrower. Although an abuse of discretion does not imply an improper motive, willful purpose, or intentional wrong, it does require the reasons or rulings of the trial judge to be clearly untenable and to deprive a party of a substantial right such as to amount to a denial of justice.

While I do not, by dissenting, in any manner condone the practice followed by the appellee in this case, and do not mean by dissenting to suggest that I approve of a party's failing to file an appropriate pleading and then seeking to have a judgment set aside, I do, however, mean to imply that that is a matter within the sound discretion of the trial court. Had the trial court in the instant case refused to set aside the judgment, I would have likewise supported that view. I simply believe that establishing a flat rule to dictate when and how a trial judge should exercise his or her discretion is inappropriate. For that

reason I would have affirmed the action of the trial judge in setting aside the default judgment and permitting the case to be heard on the merits.