HELEN MARIE STARR, APPELLEE, V. JAMES KING, APPELLANT.
451 N.W.2d 82

Filed February 2, 1990.   No. 88-342.

Christopher I. Hansen, of Healey, Wieland, Kluender, Atwood, Jacobs & Geier, for appellant.

Paul M. Conley for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is an appeal from the district court's refusal to vacate a default judgment entered against James King in a paternity suit in which King contends that he did not receive service of process or a 3-day notice of the default judgment hearing. We affirm.

Appellant, King, assigns error to the district court in finding (1) that there was sufficient evidence to show that a summons was properly served on him, (2) that King had not established sufficient grounds to warrant vacating a default judgment pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 1989), and (3) that appellee, Helen Marie Starr, used reasonable efforts to give notice of a default hearing as required by Lancaster County District Court rules of practice and procedure Nos. X and IV(D).

Starr filed a petition on October 22, 1984, to establish paternity and for a judgment of child support against King. A summons was issued and directed to the sheriff of Pawnee County, who made a return of service showing personal service

upon King on October 29, 1984. King disputes that he was served with notice of this lawsuit. He made no appearance in the suit, nor were any pleadings filed on his behalf.

Notice of the default hearing was subsequently sent to King on July 31, 1985, by general delivery mail to Amarillo, Texas. King claims that he never received the notice and that he has never lived in Amarillo, but he apparently did have contacts there. He admits to stopping there for fuel and staying there overnight in his truck during his cross-country hauls as a truckdriver. It appears that Starr sent the notice to Amarillo because other attempts at finding a residence or address for King were unsuccessful.

The default hearing was held on August 6, 1985, and on August 8, the district court found in favor of Starr, established King as the father of the child, and awarded Starr expenses incurred in the course of her pregnancy and permanent child support.

King claims that he had no notice of this suit or the default hearing until he was contacted by the child support enforcement agency in May 1987. King later filed a petition, on October 14, 1987, to vacate the judgment, which petition was denied by the district court for Lancaster County on March 31, 1988. King appeals from this ruling.

In reviewing a trial court's action in vacating or refusing to vacate a default judgment, the Supreme Court will uphold and affirm the trial court's action in the absence of an abuse of discretion. See *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987). See, also, *Commercial Fed. Sav. & Loan Assn. v. Matt*, 232 Neb. 26, 439 N.W.2d 463 (1989).

Appellant first assigns error to the district court in finding that there was sufficient evidence to show that a summons was properly served upon appellant. A return of service showing that the summons and a copy of the petition were personally served upon appellant was made by the Pawnee County sheriff and is in the record. The sheriff was not called to testify in the proceedings. Appellant testified that he was never served with notice of this case, but on cross-examination could not state this definitely:

Q. You might have received them [summons and

petition]?

A. If I did I sure don't remember when it was. I remember receiving papers for other things but not this.

Q. It's possible that you received them and you don't remember.

. . . .

A. It's possible that they were served at my house but I think I would remember if I received papers concerning a child custody case or support case or anything like that.

The trial court found that there was not sufficient evidence to show that the summons was not properly served. The trial court's finding is based on evidence and is not an abuse of discretion, and therefore is not erroneous.

Appellant next assigns error to the district court in finding that appellant had not established sufficient grounds to warrant vacating a default judgment pursuant to § 25-2001. Although the grounds to vacate the judgment were not specifically set out in appellant's petition, the reference made at trial by appellant's counsel that "there were some irregularities and that a judgment was entered due to the warrants of an attorney subsequent to those irregularities and that the service of process is one of the issues that were raised" alludes to the following subsections of § 25-2001:

A district court shall have power to vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . (3) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order . . . and (9) for taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

Regarding subsection (3), the issue of service upon appellant has been resolved, and there appears to be no other issue of irregularity in obtaining the judgment on which appellant could predicate vacating the same. Appellant also fails to qualify for relief under subsection (9). As there was proper service, the only way for appellant to come under this subsection would be a failure to legally notify him of the default hearing, which will be

discussed in appellant's final assignment of error.

Appellant lastly assigns error to the district court in finding that appellee used reasonable efforts to give notice of a default hearing as required by Lancaster County District Court rules of practice and procedure Nos. X and IV(D). Regardless of whether appellee's efforts were reasonable, notice of the default hearing was not required in this case. We said in *Joyce v. Joyce*, 229 Neb. 831, 834, 429 N.W.2d 355, 357-58 (1988):

> This court held in *Tejral v. Tejral*, 220 Neb. 264, 267, 369 N.W.2d 359, 361 (1985) that "where a party in a dissolution of marriage case is served personally with a summons and a copy of the petition in the case, and that party chooses not to file any pleading nor to enter an appearance in the case, and has not otherwise requested notice of hearing, notice of default hearing need not be given to such party. We further hold that it is an abuse of the trial court's discretion under § 42-372 to set aside a dissolution decree, properly entered, on the sole basis that notice of hearing was not sent to the party in default of filing any pleading or entering an appearance in the case." The same rule is applicable in a URESA [Revised Uniform Reciprocal Enforcement of Support Act] case.

The same rule is also applicable in this case. Appellant failed to file an appearance or a pleading in this case. Local court rules do not supersede the common law of this state. Notice of the default hearing was not required, and therefore appellant's third assignment of error is without merit.

In reviewing the trial court's refusal to vacate the default judgment, we find no abuse of discretion, and the judgment of the trial court is therefore affirmed.

AFFIRMED.