appointment of counsel.[22] Where the assigned errors in the postconviction petition before the district court are either procedurally barred or without merit, establishing that the postconviction proceeding contained no justiciable issue of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant.[23]

As we have noted, Phelps has not alleged facts sufficient to entitle him to an evidentiary hearing on his postconviction claim, and thus has raised no justiciable issue of law or fact. The district court did not abuse its discretion in declining to appoint counsel.

## CONCLUSION

For the reasons discussed, we affirm the judgment of the district court.

Affirmed.

Miller-Lerman, J., participating on briefs.
Heavican, C.J., not participating.

_____

[22] *Id.*

[23] *Id.*

_____

Timothy E. Fitzgerald, appellee and cross-appellant, v.
Camille M. Fitzgerald, now known as Camille M.
Fangmeier, appellant and cross-appellee.

___ N.W.2d ___

Filed June 14, 2013.    No. S-12-1049.

1.  **Jurisdiction.** The question of jurisdiction is a question of law.
2.  **Default Judgments: Motions to Vacate: Appeal and Error.** In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion.
3.  **Modification of Decree: Child Custody: Final Orders: Appeal and Error.** Ordinarily, an order modifying a dissolution decree to grant a permanent change of child custody would be final and appealable as an order affecting a substantial right made during a special proceeding.

4.  **Jurisdiction: Notice: Fees: Time: Appeal and Error.** An appellate court generally does not acquire jurisdiction of an appeal unless a notice of appeal is filed and the docket fee is paid within 30 days of the final order.

5.  **Motions for New Trial: Time: Appeal and Error.** An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal.

6.  **Pleadings: Judgments: Time: Appeal and Error.** In cases involving a motion to alter or amend the judgment, a critical factor is whether the motion was filed within 10 days of the final order, because a timely motion tolls the time for filing a notice of appeal.

7.  **Appeal and Error.** The proper filing of an appeal shall vest in an appellee the right to a cross-appeal against any other party to the appeal.

8.  **Rules of the Supreme Court: Appeal and Error.** A cross-appeal need only be asserted in the appellee's brief as provided by Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2012).

9.  **Jurisdiction: Time: Appeal and Error.** Timeliness of an appeal is a jurisdictional necessity and may be raised by an appellate court sua sponte.

10. **Legislature: Courts: Time: Appeal and Error.** When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly.

11. **Final Orders: Time: Appeal and Error.** Where the time for appeal from a final order has expired without any appeal having been taken and thereafter a timely appeal is taken from a second final order in the same proceeding, a party to the timely appeal cannot use a cross-appeal to seek review of the first order.

12. **Courts: Jurisdiction.** In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgment at any time during the term in which the court issued it.

13. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.

14. **Divorce: Modification of Decree: Child Custody: Child Support.** Modification of child custody and support in a dissolution action is made pursuant to Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012) and is therefore a special proceeding.

Appeal from the District Court for Thayer County: Vicky L. Johnson, Judge. Affirmed.

Nancy S. Johnson, of Conway, Pauley & Johnson, P.C., for appellant.

Scott D. Grafton, of Svehla, Thomas, Rauert & Grafton, P.C., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

CASSEL, J.

## INTRODUCTION

After the parties' marriage had been dissolved, Camille M. Fitzgerald, now known as Camille M. Fangmeier (Fangmeier), sought a modification of child custody and related matters. Timothy E. Fitzgerald was personally served, but he defaulted. The district court first entered a default modification order. On Fitzgerald's motion, the court entered a second order that vacated the first order. In this appeal, Fangmeier challenges the second order as an abuse of discretion. Fitzgerald cross-appeals but addresses only the first order. We initially decide that because the first order was a final order from which no appeal was timely perfected, Fitzgerald cannot use his cross-appeal to attack it. Next, we reject the argument that precedent forbids a court from promptly vacating a default modification order for failure to comply with an approved local district court rule requiring notice of the motion for default. Thus, we dismiss Fitzgerald's cross-appeal and affirm the district court's order vacating the first order.

## BACKGROUND

Fitzgerald and Fangmeier were divorced in 2007. The divorce decree awarded joint legal custody of the parties' minor child but ordered that Fangmeier would have primary physical custody. Fitzgerald was ordered to pay child support.

In December 2011, Fangmeier filed a complaint for modification of the divorce decree, seeking sole physical and legal custody of the child, unspecified changes in child support and visitation, and attorney fees and general equitable relief. Fitzgerald was personally served with a summons and a copy of the complaint.

After Fitzgerald failed to file an answer, Fangmeier moved for default judgment. She did not mail a copy of the motion or the related notice of the hearing to Fitzgerald or otherwise provide him with any notice of the hearing. He did not appear at the default judgment hearing, which was held on June 29, 2012.

On the day of the default hearing, the district court entered the first order. It modified the divorce decree as Fangmeier had

requested at the hearing. The first order gave Fangmeier sole physical and legal custody of the child; altered Fitzgerald's support obligation; adopted Fangmeier's proposed parenting plan; allocated expenses of daycare, extracurricular activities, and unreimbursed health care; assigned the child's income tax exemption to Fangmeier; and ordered Fitzgerald to pay Fangmeier's attorney fees.

Thirteen days after entry of the first order, Fitzgerald filed a motion for new trial, to alter or amend the first order, or to vacate it based on the absence of any notice of the default hearing. The district court conducted a hearing on Fitzgerald's motion and took the matter under advisement.

The district court's second order was entered on October 19, 2012. The second order overruled Fitzgerald's motions for new trial and to alter or amend as untimely but granted Fitzgerald's motion to vacate the first order. The court agreed with Fitzgerald that the first order should be vacated because Fangmeier failed to provide notice as required by the rules of the district court for the First Judicial District. The court relied upon the reasoning of *Cruz-Morales v. Swift Beef Co.*,[1] our decision in a workers' compensation appeal that upheld a Workers' Compensation Court rule requiring notice of a default hearing.

Fangmeier timely appealed from the second order. Fitzgerald filed a cross-appeal, but in it, he addressed only the first order. Pursuant to statutory authority, we moved the case to our docket.[2] Fangmeier moved to dismiss Fitzgerald's cross-appeal as untimely. We reserved ruling on Fangmeier's motion until plenary submission of the appeal. Upon completion of oral argument, the appeal was submitted.[3]

## ASSIGNMENTS OF ERROR

Fangmeier's appeal assigns, restated, that the district court's second order—granting Fitzgerald's motion to vacate the first order—was an abuse of the court's discretion. Fitzgerald's

---

[1] *Cruz-Morales v. Swift Beef Co.*, 275 Neb. 407, 746 N.W.2d 698 (2008).

[2] Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

[3] See Neb. Ct. R. App. P. § 2-111 (rev. 2008).

cross-appeal assigns, restated, that the court abused its discretion in the first order, which found a material change of circumstances warranting modification of the decree as to child custody, visitation, and support, and allocation of the child's income tax exemption.

## STANDARD OF REVIEW

[1] The question of jurisdiction is a question of law.[4]

[2] In reviewing a trial court's action in vacating or refusing to vacate a default judgment, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion.[5]

## ANALYSIS

### JURISDICTION OF CROSS-APPEAL

We first address Fangmeier's motion to dismiss Fitzgerald's cross-appeal for lack of jurisdiction. She argues that no appeal was filed within 30 days after the first order and that Fitzgerald's cross-appeal in the instant appeal cannot be used for the purpose of attacking the first order. We agree.

[3,4] The first order was final and appealable, but no appeal was timely perfected. Ordinarily, an order modifying a dissolution decree to grant a permanent change of child custody would be final and appealable as an order affecting a substantial right made during a special proceeding.[6] The first order changed the child's custody, and thus, the first order was clearly a final, appealable order. But no appeal was filed by either party within 30 days after the entry of the first order. This court generally does not acquire jurisdiction of an appeal unless a notice of appeal is filed and the docket fee is paid within 30 days of the final order.[7] As to the first order, neither party filed a notice of appeal or deposited a docket fee. Once the time for appeal expired without any appeal having been perfected, the

---

[4] *Butler County Dairy v. Butler County*, 285 Neb. 408, 827 N.W.2d 267 (2013).

[5] *First Nat. Bank of York v. Critel*, 251 Neb. 128, 555 N.W.2d 773 (1996).

[6] *McCaul v. McCaul*, 17 Neb. App. 801, 771 N.W.2d 222 (2009).

[7] *State v. Dallmann*, 260 Neb. 937, 621 N.W.2d 86 (2000).

first order ceased to be subject to appeal. Of course, it was still subject to the district court's jurisdiction to vacate or modify its own orders.[8]

[5,6] Fitzgerald's motions for new trial and to alter or amend the judgment were untimely and, thus, failed to terminate the running of the time for appeal from the first order. An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal.[9] Similarly, in cases involving a motion to alter or amend the judgment, a critical factor is whether the motion was filed within 10 days of the final order, because a timely motion tolls the time for filing a notice of appeal.[10] Because Fitzgerald's motions for new trial and to alter or amend the judgment were filed outside of the 10-day time limit, neither motion affected the running of the appeal time on the first order. The appeal time expired before any appeal was taken.

[7,8] Fangmeier's timely appeal from the second order vested Fitzgerald with the right to cross-appeal. The proper filing of an appeal shall vest in an appellee the right to a cross-appeal against any other party to the appeal.[11] Thus, Fangmeier's appeal from the second order vested in Fitzgerald the right of cross-appeal from that order. The cross-appeal need only be asserted in the appellee's brief as provided by Neb. Ct. R. App. P. § 2-109(D)(4) (rev. 2012).[12] He purported to exercise this right.

[9-11] But Fitzgerald's cross-appeal assigned no error regarding the second order; instead, he attempted to attack the first order. Timeliness of an appeal is a jurisdictional necessity and may be raised by an appellate court sua sponte.[13] Once

---

[8] See *Molczyk v. Molczyk*, 285 Neb. 96, 825 N.W.2d 435 (2013).

[9] *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994).

[10] See *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005).

[11] Neb. Ct. R. App. P. § 2-101(E) (rev. 2010).

[12] *Id.*

[13] *Manske v. Manske, supra* note 9.

the 30-day period ran and neither party filed a timely appeal from the first order, it was no longer possible to invoke this court's jurisdiction of an appeal regarding that order. When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly.[14] Although we can find no instance where a party has attempted to use a cross-appeal in this manner, our jurisprudence clearly dictates that Fitzgerald cannot do so. Thus, we hold that where the time for appeal from a final order has expired without any appeal having been taken and thereafter a timely appeal is taken from a second final order in the same proceeding, a party to the timely appeal cannot use a cross-appeal to seek review of the first order.

Because there are no issues raised in Fitzgerald's cross-appeal over which we have jurisdiction, we must dismiss his cross-appeal. We therefore sustain Fangmeier's motion.

### Motion to Vacate Default
### Modification Order

[12,13] In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgment at any time during the term in which the court issued it.[15] Fangmeier does not contest the district court's power to vacate the first order, but, rather, argues that the court abused its discretion in doing so. Clearly, the district court had the power to vacate the first order, and as we have already recited, we review the court's order doing so for an abuse of discretion. A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.[16]

The district court based its decision to vacate the first order upon the local rules of the district court for the First Judicial District. Rule 1-9 defines a "motion" as including

---

[14] *State v. Marshall*, 253 Neb. 676, 573 N.W.2d 406 (1998).

[15] *Molczyk v. Molczyk, supra* note 8.

[16] *Turbines Ltd. v. Transupport, Inc.*, 285 Neb. 129, 825 N.W.2d 767 (2013).

"applications, special appearances, and all requests for an order from the Court."[17] The rule then requires that all motions be filed "not less than ten (10) working days prior to the hearing" and that at the time of filing of the motion, "the moving party shall obtain a date for hearing . . . and *provide notice to the opposing party*."[18] The court reasoned that motions for default were not excepted from the definition of "motion" and that thus, the rule required that Fangmeier give notice of the hearing to Fitzgerald.

Fangmeier concedes that she failed to comply with the notice requirement of rule 1-9, but advances two broad arguments. First, she argues that the rule is contrary to Nebraska common law. Second, she argues that rule 1-9 is inconsistent with certain statutes and court rules. We now turn to the precedent she cites in support of her first argument.

Fangmeier cites an 1894 decision of this court, which states that there is "no statutory provision requiring a plaintiff to give notice of an application for a default and judgment."[19] But that case involved only a monetary judgment and was premised upon the absence of any statute requiring notice of an appeal from a judgment of a justice of the peace—a type of court long abolished in Nebraska government.[20] In the case before us, the interests of a minor child are at stake. The district court was empowered to protect the interests of the minor child in this dissolution proceeding.[21]

Fangmeier relies heavily on this court's decision in *Tejral v. Tejral*,[22] in which this court reversed an order vacating a default decree of dissolution involving child custody. But this court specifically noted in *Tejral* that "[n]either those statutes *nor the applicable court rules of the Eleventh Judicial District of Nebraska* required notice of the final hearing to be given"

---

[17] Rules of Dist. Ct. of First Jud. Dist. 1-9 (rev. 2005).

[18] *Id*. (emphasis supplied).

[19] *McBrien v. Riley*, 38 Neb. 561, 564, 57 N.W. 385, 386 (1894).

[20] See 1969 Neb. Laws, ch. 419, § 1, p. 1434.

[21] See *Peterson v. Peterson*, 224 Neb. 557, 399 N.W.2d 792 (1987).

[22] *Tejral v. Tejral*, 220 Neb. 264, 369 N.W.2d 359 (1985).

where the respondent was in default.[23] In the case before us, a rule of the district court for the First Judicial District of Nebraska does require such notice. Thus, the *Tejral* holding applies only where there is no local court rule requiring notice to be given.

Fangmeier also relies on other cases which directly or indirectly follow *Tejral*. *Joyce v. Joyce*[24] directly cited *Tejral* and addressed only an argument that due process was violated, making no reference to any local court rule. Similarly, *Starr v. King*[25] quoted that portion of the *Joyce* decision expressly relying on *Tejral*. Fangmeier also relies on our more recent decision in *State on behalf of A.E. v. Buckhalter*,[26] which cited the *Tejral* holding. But in *Buckhalter*, actual notice of the default hearing was given 11 days prior to the hearing by regular U.S. mail to the defendant's Mississippi, Pennsylvania, and New Jersey addresses. The district court refused to vacate the default judgment, and this court upheld that decision. Indeed, in *Buckhalter*, this court had little difficulty in rejecting the defendant's argument in light of the notice that was given.

Fangmeier also relies on this court's observation in *Starr*[27] that local court rules do not supersede the common law of this state. However, in *Starr*, this court made the observation at a time when local court rules were not approved and published by the Nebraska Supreme Court. That situation has changed. Since September 1, 1995, this court's rules have permitted district courts to propose local rules which become effective on approval by this court and publication in the Nebraska Advance Sheets.[28] Thus, local court rules have a different status than they did at the time of the *Starr* decision.

---

[23] *Id.* at 267, 369 N.W.2d at 361 (emphasis supplied).

[24] *Joyce v. Joyce*, 229 Neb. 831, 429 N.W.2d 355 (1988).

[25] *Starr v. King*, 234 Neb. 339, 451 N.W.2d 82 (1990).

[26] *State on behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007).

[27] *Starr v. King, supra* note 25.

[28] See Neb. Ct. R. § 6-1501.

We turn to Fangmeier's second broad argument—that rule 1-9 is inconsistent with certain statutes and court rules. We are not persuaded that any conflict exists.

[14] First, Fangmeier cites Neb. Rev. Stat. § 25-1308 (Reissue 2008), which governs the procedure for a default judgment in a civil action.[29] But modification of child custody and support in a dissolution action is made pursuant to Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012) and is therefore a special proceeding.[30] Indeed, in *Tejral*,[31] upon which Fangmeier relies, this court focused upon Neb. Rev. Stat. § 42-355 (Reissue 1984) and not upon § 25-1308. Thus, Fangmeier's reliance on § 25-1308 is misplaced.

Second, Fangmeier argues that rule 1-9 is inconsistent with Neb. Ct. R. Pldg. § 6-1105(a) (rev. 2011), which states, in pertinent part: "No *service* need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of a summons." (Emphasis supplied.) We reject this argument for three reasons. First, we note that rule 1-9 merely requires "notice," which can be satisfied with something less than "service." For example, a telephone call to Fitzgerald or his counsel would have complied with the literal requirement of rule 1-9. Second, as we have already explained, local district court rules are now approved and published by this court and, thus, have a different status than at the time of our earlier decisions. Third, a notice requirement can easily be satisfied in a modification proceeding by a simple mailing of notice to the address that a parent is required to maintain on file with the clerk of the district court.[32] Thus, in a modification proceeding, the local rule's notice requirement would not "paralyze

---

[29] See Neb. Rev. Stat. § 25-101 (Reissue 2008).

[30] See, *State ex rel*. *Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994), *overruled on other grounds, Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999); *Paulsen v. Paulsen*, 10 Neb. App. 269, 634 N.W.2d 12 (2001).

[31] *Tejral v. Tejral, supra* note 22.

[32] See Neb. Rev. Stat. § 42-364.13(1) (Reissue 2008).

the ordinary and orderly functioning of the legal process."[33] Indeed, our decision in *Buckhalter*,[34] where such notice was given, illustrates that no delay or difficulty results from this simple procedure.

Our decision upholding the district court's second order should not be read as mandating that a court must vacate a default judgment in a modification proceeding simply because notice of the hearing was not given. The circumstances may vary considerably from case to case. Our decision stands only for the proposition that under the circumstances in the present case, the district court did not abuse its discretion in granting the motion.

## CONCLUSION

Because Fitzgerald cannot use a cross-appeal from the second order to attack the first order, which was final and appealable and from which no appeal was timely taken, we dismiss his cross-appeal. We conclude that the district court did not abuse its discretion in granting Fitzgerald's motion to vacate the first order. Thus, we affirm the district court's second order, i.e., its order of October 19, 2012.

AFFIRMED.

---

[33] See *Tejral v. Tejral, supra* note 22, 220 Neb. at 267, 369 N.W.2d at 361.

[34] *State on behalf of A.E. v. Buckhalter, supra* note 26.